IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DENISE M., E.G.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**CIGNA HEALTH AND LIFE INSURANCE COMPANY, and THE TRUST FOR PUBLIC LAND HEALTHCARE BENEFIT PLAN,**<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-CV-975-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Cigna Health and Life Insurance Company's Motion to Dismiss Plaintiffs' Second Cause of Action [ECF No. 7] alleging that Defendants violated 29 U.S.C. 1132(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") by failing to comply with the requirements of the Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act"). The motion is fully briefed and the court determines that a hearing would not significantly aid in its determination of the motion. Having fully considered the parties' written submissions and the law and facts related to the motion, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Because this case is before the court on a motion to dismiss, the court accepts all well-pleaded facts from Plaintiffs' Complaint as true and views such facts in the light most favorable

to Plaintiffs. *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). Plaintiffs Denise M. and her child E.G. are covered by The Trust for Public Land Healthcare Benefit Plan, an ERISA-governed plan funded by Denise M.'s employer. The parties dispute whether E.G.'s treatment at Change Academy Lake of the Ozarks ("CALO") is covered under the terms of the Plan and whether the terms of the Plan and/or Cigna's application of the terms of the Plan are in compliance with the Parity Act. CALO is a licensed residential treatment facility that provides sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems. Cigna determined that E.G.'s treatment at CALO was not fully covered under the Plan and denied Plaintiffs' claim for reimbursement.

E.G. received care to treat psychiatric illness. E.G. experienced problematic interpersonal interactions and engaged in self-harm and other dangerous conduct that resulted in multiple hospitalizations. Based on insurance restrictions, Denise initially obtained partial hospitalization and outpatient care for E.G. When E.G.'s problems persisted, Denise followed E.G.'s providers' recommendations and had E.G. admitted to inpatient treatment at CALO.

After an initial denial of benefits and an external review finding E.G.'s residential treatment medically necessary, Cigna paid for E.G.'s treatment at CALO from January 10, 2017 to September 30, 2017. However, E.G. remained in residential treatment at CALO until November 2018. After an appeal of another denial of benefits, Cigna provided coverage of treatment until July 1, 2018. Cigna denied benefits for the rest of the time period, asserting that E.G. could have been treated at a lower level of care. Denise's appeal to an external reviewer for those benefits was rejected because the external reviewer opined that E.G.'s treatment from July to November 2018 should have been at a *higher* level of care.

The repeated denial and reversal of benefit decisions caused Denise to question whether Cigna was evaluating E.G.'s mental health claims according to the same "medically necessary" criteria that it used to evaluate medical/surgical claims. Denise requested plan documents that would resolve those questions during the prelitigation process, but Cigna did not provide her with those documents. Therefore, in addition to asserting a traditional ERISA claim seeking reimbursement for the denied benefits, Plaintiffs' Complaint also alleges a claim under the Parity Act that Cigna denied mental health benefits to E.G. when Cigna would have approved analogous benefits if E.G. had required medical or surgical benefits in an intermediate treatment facility like a skilled nursing facility or a rehabilitation center. Plaintiffs claim that the language of the summary plan description ("SPD") and the facts surrounding the handling of E.G.'s claim show that Cigna more restrictively applied the medical necessity requirement to mental health claims than it did to medical and surgical claims in violation of the Parity Act.

## DISCUSSION

Defendants move to dismiss Plaintiff's Second Cause of Action ("Parity Act claim") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Parity Act prevents employer-sponsored group health plans from treating mental health and medical claims differently. 29 U.S.C. § 1185a(a)(3)(A). The Parity Act requires that treatment limitations applicable to mental health benefits be "no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits." *Joseph F. v. Sinclair Servs. Co.*, 158 F. Supp. 3d 1239, 1261 (D. Utah 2016).

This court has previously acknowledged that the pleading requirements for stating a claim under the Parity Act is not exactly clear. However, the court concluded that a plaintiff must

3

allege that "(1) [his or her] insurance plan is subject to the Parity Act; (2) the plan provides benefits for both mental health/substance abuse and medical/surgical treatments; (3) there are differing treatment limitations on benefits for mental health care as compared to medical/surgical care; and (4) such limitations on mental health care are more restrictive." *Michael W. v. United Behavioral Health*, Case No. 2:18-CV-818-JNP, 2019 WL 4736937, at *18 (D. Utah Sept. 27, 2019) (unpublished). "[D]isparate treatment limitations" under the third and fourth elements "can be either *facial* (as written in the language or processes of the plan) or *as-applied* (in operation via application of the plan)." *Peter E. v. United HealthCare Servs., Inc.*, Case No. 2:17-CV-435-DN, 2019 WL 3253787, at *3 (D. Utah July 19, 2019) (unpublished) (emphasis in original). In addition, in *Melissa P. v. Aetna Life Ins.*, this court held that to state a plausible claim "a plaintiff need only plead as much of her prima facie case as possible based on the information in her possession," explaining that the plausibility standard requires "at least some relevant information to make the claims plausible on their face." Case No. 2:18-CV-216-RJS-EJF, 2018 WL 6788521, at *7.

In this case, the first two elements are not disputed. Under the third and fourth elements, Plaintiffs allege an as-applied challenge under the Parity Act. Plaintiffs allege in their Complaint that while medical necessity is required for both mental health and medical/surgical benefits, Cigna requires a higher standard for medical necessity in the mental health context. Plaintiffs allege that Cigna required E.G. to have acute symptoms when E.G. was receiving subacute care and that when a claim for subacute treatment is analyzed by applying acute criteria, that analysis will result in a near universal denial of benefits. Accordingly, Plaintiffs were repeatedly denied benefits for E.G.'s treatment at CALO . Plaintiffs contend that Cigna does not require those

4

seeking medical benefits for skilled nursing facilities, inpatient hospice care, and rehabilitation centers to meet the requirements for acute treatment while receiving subacute care. Therefore, Plaintiffs are alleging that Cigna is applying different levels of criteria based on whether the claimant is seeking intermediate mental health treatment or intermediate medical/surgical treatment. Plaintiffs also allege that Cigna has limited the facilities where mental health care can be received more strictly than its medical/surgical analogs. If Plaintiffs' allegations are accurate it would be a violation of the Parity Act. At the motion to dismiss stage of the litigation, the court concludes that these allegations are sufficient to proceed to discovery. At this stage, the court assumes all well-pleaded allegations are true and all factual inferences are interpreted in Plaintiffs' favor. Under that standard, the court concludes that there is no basis for dismissing Plaintiffs' Parity Act claim.

To the extent that Plaintiffs do not have specific documents to support their allegations, such failure is the result of Cigna ignoring Plaintiffs' request for documentation during the prelitigation process. Unlike Plaintiffs' traditional claim for benefits under the Plan, Plaintiffs' as-applied Parity Act claim rests on facts within Cigna's control and requires discovery. This court has previously recognized that Parity Act claims will often require discovery to evaluate whether there is a disparity between the plan's provision of and/or criteria for mental health and substance abuse benefits and medical/surgical benefits. In this case, the parties should proceed to the discovery phase to determine whether Cigna treated mental health benefits differently than medical benefits under the Plan.

In addition to arguing that the Parity Act claim was insufficiently pled, Defendants also assert that Plaintiffs' Parity Act claim should be dismissed because it addresses the same injury

as Plaintiff's First Cause of Action which is a traditional ERISA benefits claim. This issue was extensively addressed and rejected in *Christine S. v. Blue Cross Blue Shield of N.M.,* 428 F. Supp. 3d 1209, 1220-1234 (D. Utah Dec. 19, 2019). This court agrees fully with Judge Parrish's thorough analysis of the issue in *Christine S.* and adopts the court's reasoning. *Id.* At the pleading stage, Plaintiffs should be allowed to plead alternative theories of liability. There is no categorical rule prohibiting Plaintiffs from pleading two different causes of action under separate ERISA sections. Plaintiffs have sufficiently pled facts that could entitle them to remedies under both causes of action. At the motion to dismiss stage, this court is not in a position to foreclose Plaintiffs' Parity Act claim as duplicative as a matter of law. The court could only make that type of determination at the summary judgment or trial phase of the litigation. Plaintiffs' Parity Act claim is not merely a repackaging of their benefits claim. Plaintiffs are entitled to a plan that meets the Parity Act's requirements and appropriate remedies if the plan fails to meet such requirements separate and apart from Plaintiff's entitlement to benefits under the terms of the plan. The court cannot determine Plaintiffs' appropriate recoveries at the motion to dismiss stage separate from a determination of the claims themselves which must occur on summary judgment or at trial. Therefore, the court also denies Defendants' motion to dismiss to the extent that it argues that Plaintiffs cannot assert alternative claims.

## CONCLUSION

Based on the above reasoning, the court denies Cigna's Motion to Dismiss Plaintiffs' Second Cause of Action [ECF No. 7]. The parties should proceed to conduct discovery on the claim.

DATED this 18th day of June, 2020.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge